JOSEPH GUARNERI,

                                    Petitioner,

v.                                                          9:14-CV-416
                                                                           (DNH/ATB)

SUPERINTENDENT,

                                    Respondent.

JOSEPH GUARNERI, Petitioner pro se
THOMAS B. LITSKY, AAG, Attorney for Respondent

## REPORT and RECOMMENDATION

### I. INTRODUCTION

Petitioner Joseph Guarneri filed a petition for a writ of habeas corpus on April 14, 2014, in which he challenged a 2011 judgment of conviction, upon his guilty plea, to fourth degree grand larceny in exchange for a sentence of 1 ½ to 3 years on prison. Petition ("Pet.") (Dkt. No. 1). Petitioner has failed to provide the court with his current address, beginning in August of 2014 when his mail was returned "undeliverable." (Dkt. No. 10). For the reasons set forth below, this court recommends that the petition be dismissed for failure to prosecute.

### II. RELEVANT BACKGROUND

On May 1, 2014, the court directed a response to the petition. (Dkt. No. 6) (Decision and Order). In that order, the petitioner was clearly informed that he must "promptly notify the Clerk's Office and all parties or their counsel of any change in his address; his failure to do so will result in the dismissal of this action." (*Id.* at 3). On

July 29, 2014, this court granted respondent's request for an extension of time to respond to the petition. (Dkt. No. 9). The court attempted to serve petitioner with a copy of the Text Order granting the extension, but the mail was returned "undeliverable" on August 8, 2014 (Dkt. No. 10).

Respondent was granted a second extension on September 9, 2014, but again the copy sent to petitioner was returned "undeliverable" on October 7, 2014. (Dkt. No. 13). The court attempted to research petitioner's status and determined that he had been released on May 14, 2014. (Dkt. No. 14). On October 7, 2014, this court issued a Text Order, noting that one of the envelopes that was returned to the court contained a forwarding address in Middleburah, New York. (*Id.*) The Clerk was directed to serve petitioner with an updated docket sheet and a change of address form. Petitioner was informed that he must update his address by October 31, 2014, and that "failure to do so may result in dismissal of this action." (*Id.*)

A response to the petition, and the relevant state court records, were filed on October 28, 2014. (Dkt. No. 15-17). Respondent filed a "Declaration of Service" on petitioner's most recent address on October 28, 2014. On February 3, 2015, respondent filed a letter brief in which he stated that the respondent's answer and accompanying documents were served by mailing them to the address listed on the court's docket, but the documents were returned to counsel with the notation – "Return to Sender. Unable

to Forward." (Dkt. No. 18) (Letter Brief).

The court notes that this petitioner had a civil rights action, pending before Judge David N. Hurd and Magistrate Judge Peebles. *See Guarneri v. Clark*, 9:14-CV-1546 (DNH/DEP). The Docket Sheet in *Guarneri v. Clark* contained a different address that the one listed on this docket for Mr. Guarneri. However, Mr. Guarneri had failed to update his address in 14-cv-1546. On April 27, 2015, Magistrate Judge Peebles recommended dismissal for failure to prosecute. (Dkt. No. 20 in 14-CV-1546). Judge Hurd accepted the Report-Recommendation and dismissed the action for failure to prosecute on May 26, 2015. (Dkt. No. 23 in 14-CV-1546). When the Clerk of the Court attempted to serve Mr. Guarneri with the Judgment in 14-CV-1546, the mail was returned "Undeliverable." The post office was "unable to forward." (Dkt. No. 25 in 14-CV-1526).

In this case, on February 4, 2015, the Clerk of the Court mailed a docket sheet and a notice of change of address form to petitioner at his last-known addresses (including the address listed in 14-CV-1526). Petitioner's mail was returned "undeliverable" to one address, and was never returned at all as to the second address. (Dkt. No. 19). According to publicly available information, petitioner was released from custody on May 14, 2015. (Dkt. No. 14 – Text Order) (citing http://nysdocs lookup.doccs.ny.gov). To date, petitioner has not updated his address.

3

## III. FAILURE TO PROSECUTE

### A. Legal Standards

Rule 41(b) of the Federal Rules of Civil Procedure provides that a court may, in its discretion, dismiss an action based upon the failure of a plaintiff to prosecute the action or comply with any order of the court. *LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001) (citing *Link v. Wabash R. Co.*, 370 U.S. 626, 629 (1962)). Rule 41.2(b) of the Local Rules of Practice for the Northern District of New York provides that failure to notify the court of a change of address in accordance with Local Rule 10.1(c)(2) "may result in the dismissal of any pending action." N.D.N.Y. L.R. 41.2(b). It is neither the court's function, nor the respondent's responsibility, to search for petitioner's possible location after his release. *See Dansby v. Albany Cty. Corr. Facility*, No. 6:95-CV-1525 (RSP/RWS), 1996 WL 172699 at *1 (Apr. 10, 1996) ("It is neither feasible nor legally required that the clerks of the district courts undertake independently to maintain current addresses on all parties to pending actions. It is incumbent upon litigants to inform the clerk of address changes, for it is manifest that communications between the clerk and the parties or their counsel will be conducted principally by mail. In addition to keeping the clerk informed of any change of address, parties are obliged to make timely status inquiries. Address changes normally would be reflected by those inquiries if made in writing.") (quoting *Perkins v. King*, No. 84-3310,

4

slip op. at 4 (5th Cir. May 19, 1985) (further citations omitted)).

When assessing whether to dismiss a case for failure to prosecute, district courts should consider whether the petitioner's failure caused a delay of considerable duration; whether the petitioner was given notice that further delay would result in dismissal, and whether defendants will be prejudiced by further delay. *See United States ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 254 (2d Cir. 2004). The court must also carefully balance the need to alleviate court congestion with the petitioner's right to have his day in court, and the court must assess the efficacy of lesser sanctions. *Id.* Dismissal is a harsh remedy to be used only in "extreme situations." *LeSane*, 239 F.3d at 209. The Second Circuit has also "emphasized the importance of first giving a pro se litigant a direct warning that his case will be dismissed for failure to prosecute [.]" *Lowmack v. Napoli*, No. 1:07-CV-0200, 2011 WL 1560930 at *3 (W.D.N.Y. Apr. 5, 2011) (citing *Drake*, 375 F.3d at 251), *adopted* 2011 WL 1560972 (W.D.N.Y. Apr. 25, 2011).

**B.    Application**

In this case, in the court's initial order directing a response to his petition, petitioner received adequate notice that the failure to provide the court with a current address could result in dismissal of his action. (Dkt. No. 6 at 3). As noted, petitioner was released from custody on May 14, 2014, and has not filed a change of address notification with the court. He was released on his maximum expiration date and does

not appear to be on parole supervision, thus, determining his address is much more complicated. Mail sent to him has been returned as undeliverable. (Dkt. Nos. 10, 13, 19). Although the court attempted to further warn petitioner in its October 7, 2014 Text Order, that order did not reach petitioner, and further attempts to warn him would be futile since the court has no means by which to contact him.

Petitioner's failure to comply with the court's order(s) and the Northern District of New York's Local Rules convey the message that he no longer wishes to pursue his petition. This case was originally filed on April 14, 2014, and there has been no further communication with petitioner. Without knowing petitioner's whereabouts, there are no lesser sanctions that this court can consider. Although respondent will likely suffer minimal prejudice, since he has already responded to the petition, the need to alleviate congestion on the court's docket (which is filled with the claims of other pro se prisoners awaiting a decision from the court on their claims for relief) outweighs petitioner's right to receive a further chance to be heard in this action, given the obvious abandonment of both of his cases. It would be futile for this court to issue a decision that the petitioner will never see.

Accordingly, I recommend that the petition be dismissed pursuant to Fed. R. Civ. P. 41(b) and Local Rules 10.1(c)(2) and 41.2(a) and (b) for failure to prosecute this action, and for failure to obey the court's orders. *See Jackson v. Goord*, 29 F. App'x.

717, 718 (2d Cir. 2002) (affirming dismissal of pro se prisoner civil rights action for failure to comply with a court order directing correction of a pleading over a five month period, despite notification of the possibility of dismissal in "bold-face print" in the district court's order); *Sumpter v. Sears*, No. 09-CV-689, 2012 WL 95214, at *3 (E.D.N.Y. Jan. 12, 2012) (dismissing petition sua sponte, in an alternative ruling, for failure to prosecute); *Lowmack*, 2011 WL 1560930, at *2-3 (dismissing habeas corpus petition brought pursuant to 28 U.S.C. § 2254 for failing to comply with FED. R. CIV. P. 41(b) and Western District of New York Local Rule 72.3(a)(3)); *Gaines v. Bezio*, No. 9:09-CV-0176 (GTS/DEP), 2009 WL 2252140 at *2-3 (N.D.N.Y. Jul. 28, 2009) (dismissing action for failure to comply with FED. R. CIV. P. 41(b) and Local Rule 41.2(b) where plaintiff was released from prison in March 2009 and failed to comply with court's order by filing an amended complaint and by providing a current address); *Wilson v. Perlman*, No. 9:07-CV-1128 (TJM/DEP), 2009 WL 1851336 at *2-3 (N.D.N.Y. Jun. 26, 2009) (action dismissed pursuant to FED. R. CIV. P. 41(b) where plaintiff was released from prison in March 2009 and "failed to provide the court a current address where he can be reached for purposes of communications from the court.").

**WHEREFORE**, it is hereby

**RECOMMENDED**, that the petition, (Dkt. No. 1) be **DENIED and**

**DISMISSED** pursuant to FED. R. CIV. P. 41(b) and Local Rules 10.1(c)(2) and 41.2(a) and (b) for failure to prosecute and for failure to obey the court's Orders; and it is further

**RECOMMENDED**, that no certificate of appealability issue in this case because petitioner has failed to make a "substantial showing of the denial of a constitutional right" pursuant to 28 U.S.C. § 2253(c)(2); and it is further

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(c), the parties have fourteen (14) days within which to file written objections to the foregoing report. These objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Secretary of HHS*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

Dated: July 14, 2015

Hon. Andrew T. Baxter
U.S. Magistrate Judge